Dear Mayor Autin:
You have requested an opinion of the Attorney General regarding the refusal by the Lafourche Parish council to accept the municipal appointments to parish wide boards and commissions by the mayor of Golden Meadow.
The law in question, R.S. 33:1415(G), states in part:
 Notwithstanding any provision of law to the contrary, when a board or commission, other than a hospital service district, whether presently created or hereafter created by the governing authority of any parish, exercises governmental functions within a municipality, the governing authority of the municipality shall appoint a member to such board or commission. The governing authority of the municipality shall also have the power to remove and replace such member.
The Lafourche Parish Council, s refusal to accept the mayor's appointments is based upon the advice of their attorney, Christopher H. Riviere, who advised that the law may be unconstitutional. His opinion states "The council should take no action regarding appointments to be made by the municipality until such time as the constitutional issue is resolved inasmuch as we feel that the above mentioned act of the legislature as it applies to Home Rule governments is unconstitutional."
Attorney General's opinion 91-53 addresses the issue of refusal by the council to accept the appointments on the basis of a law possibly being constitutional with language from the case of Interstate Oil Pipe Co. v Guibeau, 46 So.2d 113 (La. 1950), wherein the Supreme Court stated:
 All statutory enactments are presumed to be constitutional and although presumption is not conclusive it nevertheless attaches until it is overcome by one who challenges validity of statute on constitutional grounds.
Thus, laws are presumed to be constitutional until the contrary is judicially established Smith v Flournoy, 118 So.2d 320
(La.App. 2nd Cir. 1959), cert. denied January 11, 1960.
Under these circumstances, it is our opinion that the provisions of R.S. 33:1415(G) are presumed to be constitutional and are effective until challenged and the contrary is found by the courts. The Parish Council may seek a clarification of the status of this new statute by seeking a declaratory judgment in the state district court.
I trust that this answers your inquiry. Please advise if we can be of further assistance.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: GLENN R. DUCOTE Assistant Attorney General
GRD:cdw-g2